UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ZHENLI YE GON,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>LORETTA LYNCH, et al.,<br><br>　　　　Respondents. | Civil Action No. 15-1970 (JDB) |

## MEMORANDUM OPINION & ORDER

In 2011 a magistrate judge in this district issued a certificate of extraditability approving the proposed extradition of Zhenli Ye Gon from the United States to Mexico. Since then, Ye Gon has launched a variety of legal efforts to forestall his extradition. This latest attempt takes the form of what Ye Gon styles a "Petition for Writ of Error Coram Nobis." The Court will dismiss this petition because there is no authority to suggest that <u>coram nobis</u> relief is available under these circumstances.

A streamlined history of Ye Gon's various proceedings will suffice for present purposes. In 2008 the government of Mexico asked the United States, pursuant to the nations' extradition treaty, to extradite Ye Gon to face drug-related criminal charges in Mexico. Ye Gon was then being held in the District of Columbia in connection with a U.S. criminal case, so the United States filed an extradition complaint in this Court. Pursuant to 18 U.S.C. § 3184, Magistrate Judge John Facciola held a hearing to consider whether the foreign charges were supported by probable cause and extradition was otherwise legally proper. In early 2011 he concluded that these requirements were met and issued a certificate of extraditability. <u>In re Zhenley Ye Gon</u>, 768 F. Supp. 2d 69 (D.D.C. 2011).

1

A decision granting a certificate of extraditability is not subject to direct appeal. Ahmad v. Wigen, 910 F.2d 1063, 1065 (2d Cir. 1990). "An extraditee's sole remedy from an adverse decision is to seek a writ of habeas corpus . . . ." Id. This Ye Gon promptly did, filing a habeas petition in the District Court for the Western District of Virginia, where he was (and still is) being held. Ye Gon's petition raised a variety of arguments, including that the District Court in D.C. had lacked jurisdiction over him, that his extradition was inconsistent with the applicable extradition treaty in various ways, and that Judge Facciola's probable cause finding was factually unsupported. In January 2014, the District Court rejected Ye Gon's arguments and denied habeas relief. Zhenli Ye Gon v. Holder, 992 F. Supp. 2d 637 (W.D. Va. 2014). The Fourth Circuit affirmed that decision, Zhenli Ye Gon v. Holt, 774 F.3d 207 (4th Cir. 2014), and the Supreme Court denied certiorari, Zhenli Ye Gon v. Aylor, 135 S. Ct. 2859 (2015).

In August 2015, Ye Gon filed a second habeas petition in the Western District of Virginia, raising a new raft of arguments. In short order the court denied that petition as well. Zhenli Ye Gon v. Dyer, 2015 WL 6026278 (W.D. Va. Oct. 9, 2015). Ye Gon appealed that decision, and his appeal is currently pending before the Fourth Circuit, which has stayed his extradition until it reaches a decision. Order, Zhenli Ye Gon v. Dyer, No. 15-7620 (4th Cir. Nov. 10, 2015).

In October 2015, Ye Gon's legal battle against extradition returned to this district. On Ye Gon's behalf, attorney Ning Ye filed what he called a "Petition for Writ of Error Coram Nobis" in the extradition case originally overseen by Judge Facciola, Miscellaneous Case No. 08-596. Ning Ye had represented Ye Gon in the early phases of the extradition case, but Ye Gon had fired him in 2009. When Ning Ye nonetheless continued to submit filings in the extradition case, Judge Facciola was forced to order that the Clerk of the Court not accept any further filings from him in that case. As a result, when Ning Ye filed the coram nobis petition in October 2015 without first

seeking permission to file it, the United States moved to strike.  Magistrate Judge Harvey, to whom the case had been reassigned after Judge Facciola's retirement, granted the Government's motion and struck the petition.  Rather than requesting a modification of the order barring him from filing anything in the original case, Ning Ye refiled the petition in a new case—this one—which was assigned to a new judge—the undersigned.  This procedural maneuvering is unusual, perhaps inappropriate, and maybe even an independent reason to dismiss this petition.  But the Court need not resolve whether refiling was improper, because the petition plainly fails for other reasons.  (An "Authorization" attached to the petition and signed by Ye Gon indicates that he has in fact rehired attorney Ning Ye.)

Ye Gon's petition is a long, confusing document that the Court cannot easily summarize.  Among other things, it argues that newly discovered evidence undermines the probable cause finding that underlies the certificate of extraditability; that the request for extradition violates the U.S.-Mexico treaty; that Ye Gon's criminal defense counsel of years ago provided ineffective assistance; and that the Mexican government has committed a wide range of malfeasance.  The Court will not examine any of these contentions, because Ye Gon has failed to rebut the Government's compelling argument that coram nobis relief is simply not available here.

As the Government notes in its motion to dismiss, a writ of error coram nobis is available in only very limited circumstances.  Historically, "the purpose of coram nobis [was] to bring to the court's attention some fact which was unknown to the court, and if known, would have resulted in a different judgment.  It was designed, not by legislation, but by the judiciary to meet certain extreme exigencies of justice."  Ex parte Atkinson, 84 F. Supp. 300, 303 (E.D.S.C. 1949).  The writ has since been expressly abolished in civil cases.  Fed. R. Civ. P. 60(e); United States v. Morgan, 346 U.S. 502, 505 n.4 (1954).  It lives on in criminal cases, but is rarely available.  A

3

court may issue it only in "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.' Another limit . . . is that an extraordinary remedy may not issue when alternative remedies, such as habeas corpus, are available." United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting Morgan, 346 U.S. at 511). The writ has only one modern role that this Court is aware of: as a mechanism for vacating the erroneous criminal conviction of a petitioner "who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241." Chaidez v. United States, 133 S. Ct. 1103, 1106 n.1 (2013); see, e.g., Korematsu v. United States, 584 F. Supp. 1406 (N.D. Cal. 1984).

Ye Gon offers no authority indicating that a writ of error coram nobis is available here. To start, he cites no authority to suggest that the writ can ever be used to vacate a certificate of extraditability, which is not a criminal judgment. Ward v. Rutherford, 921 F.2d 286, 287 (D.C. Cir. 1990) (noting that "an extradition hearing is not the occasion for an adjudication of guilt or innocence," but is instead "essentially a preliminary examination" (internal quotation marks and brackets omitted)); see also In re Extradition of Howard, 996 F.2d 1320, 1325 (1st Cir. 1993) (judge or magistrate presiding over extradition hearing "is not exercising any part of the judicial power of the United States" (internal quotation marks omitted)). Even if the writ sometimes could be used in the extradition context, its use would be inappropriate here because Ye Gon is "in custody" within the meaning of 28 U.S.C. § 2241, and thus the alternative remedy of habeas corpus is available. Indeed, Ye Gon is in the midst of pursuing precisely that remedy in the Fourth Circuit. Hence, because that avenue of potential relief remains open, the "extraordinary remedy" of coram nobis "may not issue." Denedo, 556 U.S. at 911.

In the face of the Government's clear and persuasive argument that coram nobis is unavailable, Ye Gon's opposition to the motion to dismiss offers nothing of value. Ye Gon does

not engage with any of the relevant case law or provide any apposite authority. Instead, he simply rehashes at great length the numerous substantive grounds on which he objects to the issuance of the certificate of extraditability and his impending extradition. But in the absence of any mechanism through which this Court could properly provide relief, all of these objections are irrelevant. The Court will therefore grant the Government's motion and dismiss this action.

## ORDER

For the foregoing reasons, it is hereby

**ORDERED** that [6] the Government's motion to dismiss [1] Ye Gon's petition for writ of error coram nobis is **GRANTED**; it is further

**ORDERED** that [1] Ye Gon's petition for writ of error coram nobis is **DISMISSED**; and it is further

**ORDERED** that [2] Ye Gon's emergency motion for a stay of extradition, [4] motion for leave to conduct limited discovery, and [5] motion for default judgment are **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: April 7, 2016